| Fill in this information to identify your case: | For amended plans only: |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS** | ☐ Check if this amended plan is filed prior to any confirmation hearing. |
| Debtor 1   **Phillip**  **Joseph**  **Crochet**<br>           First Name   Middle Name   Last Name | ☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial. |
| Debtor 2   **Elizabeth**  **Lee**  **Crochet**<br>(filing spouse)  First Name   Middle Name   Last Name | List the sections which have been changed by this amended plan: |
| Case number: _____ | _____<br>_____<br>_____<br>_____ |

**TXEB Local Form 3015-a**

# CHAPTER 13 PLAN

**Adopted: Dec 2017**

## Part 1: Notices

**To Debtor\*:** This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

\* The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check on box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☑ Not included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☑ Not included |
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☐ Included | ☑ Not included |

| Debtor | **Phillip Joseph Crochet** | Case number | |
|---|---|---|---|
| | **Elizabeth Lee Crochet** | | |

| **Part 2:** | **Plan Payments and Length of Plan** |
|---|---|

**2.1** The applicable commitment period for the Debtor is ____60____ months.

**2.2** **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date* or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the **"Plan Term"**). The payment schedule shall consist of:

* The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☐ **Constant Payments:**   The Debtor will pay _____ per month for _____ months.

☑ **Variable Payments:**   The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3** **Mode of Payment.**   Regular payments to the Trustee will be made from future income in the following manner:

*[Check one]*

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4** **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5** **Additional payments.**   *[Check one]*

☑ **None.**   *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6** **Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is ___$106,200.00___ which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the **"Plan Base."**

| **Part 3:** | **Treatment of Secured Claims** |
|---|---|

**3.1** **Post-Petition Home Mortgage Payments.**   *[Check one]*

☑ **No Home Mortgage.**   *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

**3.2** **Curing Defaults and Maintenance of Direct Payment Obligations.**   *[Check one]*

☑ **None.**   *If "None" is checked, the remainder of § 3.2 need not be completed.*

| Debtor | **Phillip Joseph Crochet** | Case number | |
| --- | --- | --- | --- |
| | **Elizabeth Lee Crochet** | | |

| 3.3 | **Secured Claims Protected from § 506 Bifurcation.** *[Check one]* |
| --- | --- |
| | ☒ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.* |

| 3.4 | **Secured Claims Subject to § 506 Bifurcation.** |
| --- | --- |
| | *[Check one]* |
| | ☐ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.* |
| | ☒ **Claims Subject to Bifurcation.** The secured portion of each claim listed below (a "506 Claim") is equivalent to the lesser of: (1) the value of the claimant's interest in the listed collateral or (2) the allowed amount of the claim. Each listed 506 Claim constitutes a separate class. Each 506 Claim will be paid by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below. If a 506 Claim is established as an oversecured claim, its holder is entitled to an additional component of pre-confirmation interest calculated at the contract rate and payable for the period from the Petition Date to the earlier of: (1) the Effective Date of the Plan, or (2) the date upon which the aggregate of such interest, plus the allowed amount of the 506 Claim, exceeds the value of the collateral. Such holder is responsible for establishing the oversecured amount and the applicable contract rate by suffiicient evidence that is either satisfactory to the Trustee or otherwise by court order. |
| | Based upon the Debtor's election to retain certain personal property that serves as collateral for a 506 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 506 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 506 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan. The Trustee shall apply adequate protection payments first to accrued interest, if applicable, and then to principal. Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make pro rata payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan. |
| | Unless the Debtor invokes § 3.10 of this Plan to obtain a final valuation determination at the confirmation hearing regarding any listed 506 Claim, or an agreement with the holder of any listed 506 Claim regarding the value of its collateral is otherwise incorporated into the confirmation order, the value of collateral securing each 506 Claim is not finally determined upon the confirmation of this Plan. Upon confirmation of this Plan, however, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected Collateral Value of each 506 Claim as listed below until such time as the allowed amount of each such 506 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, or the subsequent entry of an order granting a separate motion for valuation of collateral pursuant to § 506 and Bankruptcy Rule 3012, shall control over any projected Collateral Value amount listed below. |
| | If the automatic stay is terminated as to the property securing a 506 Claim at any time during the Plan Term, the next distribution by the Trustee on such 506 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 506 Claim and regular distributions on that 506 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 506 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer by treated by the Plan. |

| **Claimant** | **Collateral Description** | **Adequate Protection Payment** | **Total Claim Amount** | **Collateral Value** | **Plan Interest Rate** | **Equal Monthly Payment by Trustee** | **Projected Total Payment by Trustee** |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1. **Mobiloil Federal Credit Union** | **2016 Chrysler 300 (approx. 50,000 miles)** | $209.06 Month 1 through _____ | $35,104.00 | $16,725.00 | 5.50% | Pro-Rata | $18,139.76 |
| 2. **Mobiloil Federal Credit Union** | **2015 Dodge Ram 1500 (approx. 38,000 miles)** | $337.50 Month 1 through _____ | $33,773.00 | $22,500.00 | 5.50% | Pro-Rata | $24,403.20 |

Debtor  **Phillip Joseph Crochet** _____  Case number  _____
        **Elizabeth Lee Crochet** _____

| 3. Nprto Texas, LLC | Laptop, Bedroom Furniture | Month 1 through _____ | $1,200.00 | $3,000.00 | 0.00% | Pro-Rata | $1,200.00 |
|---|---|---|---|---|---|---|---|

**3.5  Direct Payment of Secured Claims Not in Default.**  *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6  Surrender of Property.**  *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7  Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8  Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all ad valorem taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9  Lien avoidance.**  *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

**3.10  Rule 3012 Valuation of Collateral.**  *[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

*The remainder of this subsection will be effective only if the "Included" box is checked in § 1.1 of this Plan.*

*Further, the invocation of this subsection mandates an evidentiary hearing on the "call" docket of the Court at which the Debtor must demonstrate: (1) service of this Plan upon any claimant affected by this subsection in strict compliance with the requirements of Bankruptcy Rule 7004 for service of a summons and a complaint, (2) a credible, objective basis for the Debtor's opinion regarding asset values that is subject to corroboration from independent sources; and (3) an entitlement to the relief sought by a preponderance of the evidence presented.*

☑ **Final Determination of Collateral Value.** The Debtor seeks a final determination of the value of each of the following assets to establish the allowed 506 Claim of each listed claimant for the purposes of § 3.4 of this Plan. Such an expedited final determination at the confirmation hearing is **binding** upon that listed claimant, notwithstanding any contrary proof of claim which might be subsequently filed by the claimant, any objection filed thereto, or any value otherwise referenced in the Debtor's schedules.

| Claimant | Collateral Description | Debtor's Asserted Collateral Value |
|---|---|---|
| 1. **Mobiloil Federal Credit Union**  *Pertains to Listed Claim #  __1__  in § 3.4* | **2016 Chrysler 300 (approx. 50,000 miles)** | $16,725.00 |
| 2. **Mobiloil Federal Credit Union**  *Pertains to Listed Claim #  __2__  in § 3.4* | **2015 Dodge Ram 1500 (approx. 38,000 miles)** | $22,500.00 |

Debtor **Phillip Joseph Crochet**  
**Elizabeth Lee Crochet**                                                                           Case number _____

| 3.11 | **Lien Removal Based Upon Unsecured Status.** *[Check one]* |
|---|---|
| | ☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.* |

| **Part 4:** | **Treatment of Administrative Expenses, DSO Claims and Other Priority Claims** |
|---|---|

**4.1  General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest.  Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules.  The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

**4.2  Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

**4.3  Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is **$4,000.00**.  The amount of **$420.50** was paid to the Debtor's attorney prior to the Petition Date.  The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1);    ☐ by submission of a formal fee application.

**LBR 2016(h)(1):**  If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that local rule.  The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order.  No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application:**   If the attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1).  If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

| 4.4 | **Priority Claims:  Domestic Support Obligations ("DSO").** *[Check one]* |
|---|---|
| | ☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.* |

| 4.5 | **Priority Claims:  DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** *[Check one]* |
|---|---|
| | ☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.* |

| 4.6 | **Priority Claims:  Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.** *[Check one]* |
|---|---|
| | ☐ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.* |

Debtor **Phillip Joseph Crochet**  Case number _____
**Elizabeth Lee Crochet**

☑ **Other Priority Claims.**

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| 1. Internal Revenue Service | **$6,000.00**<br>☐ Texas ad valorem tax claim entitled to 12% annual interest and disbursement priority as a secured claim under § 3.4 of the Plan. | **Pro-Rata** |

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Specially Classed Unsecured Claims.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

**5.2 General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ **100% + Interest at** _____ ;

☐ **100% + Interest at** _____ **with no future modifications to treatment under this subsection;**

☑ **Pro Rata Share:** of all funds remaining after payment of all secured, priority, and specially classified claims.

**5.3 Liquidation Analysis: Unsecured Claims Under Parts 4 and 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately **$0.00**. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 General Rule - Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED.**
All other executory contracts and unexpired leases of the Debtor are **REJECTED.**

*[Check one.]*

☑ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

## Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

## Part 9: Miscellaneous Provisions

**9.1 Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

| Debtor | **Phillip Joseph Crochet** | Case number | |
|---|---|---|---|
| | **Elizabeth Lee Crochet** | | |

**9.2** **Plan Distribution Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3** **Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

### Part 10:  Signatures

**X  /s/ C. Daniel Herrin**                                   Date  **05/23/2019**

**Signature of Attorney for Debtor(s)**

**X  /s/ Phillip Joseph Crochet**                             Date  **05/23/2019**

**X  /s/ Elizabeth Lee Crochet**                              Date  **05/23/2019**

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

### Part 11:  Certificate of Service to Matrix as Currently Constituted by the Court

I hereby certify that the above and foregoing document was served upon all of the parties as listed on the attached master mailing list (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on May 30, 2019:

                                                        **/s/ C. Daniel Herrin**
                                                        **C. Daniel Herrin**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE: **Phillip Joseph Crochet**  CASE NO
**Elizabeth Lee Crochet**
*Debtor(s)*  CHAPTER  **13**

# EXHIBIT "A" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 06/22/2019 | $1,500.00 | 21 | 02/22/2021 | $1,800.00 | 41 | 10/22/2022 | $1,800.00 |
| 2 | 07/22/2019 | $1,500.00 | 22 | 03/22/2021 | $1,800.00 | 42 | 11/22/2022 | $1,800.00 |
| 3 | 08/22/2019 | $1,500.00 | 23 | 04/22/2021 | $1,800.00 | 43 | 12/22/2022 | $1,800.00 |
| 4 | 09/22/2019 | $1,500.00 | 24 | 05/22/2021 | $1,800.00 | 44 | 01/22/2023 | $1,800.00 |
| 5 | 10/22/2019 | $1,500.00 | 25 | 06/22/2021 | $1,800.00 | 45 | 02/22/2023 | $1,800.00 |
| 6 | 11/22/2019 | $1,500.00 | 26 | 07/22/2021 | $1,800.00 | 46 | 03/22/2023 | $1,800.00 |
| 7 | 12/22/2019 | $1,800.00 | 27 | 08/22/2021 | $1,800.00 | 47 | 04/22/2023 | $1,800.00 |
| 8 | 01/22/2020 | $1,800.00 | 28 | 09/22/2021 | $1,800.00 | 48 | 05/22/2023 | $1,800.00 |
| 9 | 02/22/2020 | $1,800.00 | 29 | 10/22/2021 | $1,800.00 | 49 | 06/22/2023 | $1,800.00 |
| 10 | 03/22/2020 | $1,800.00 | 30 | 11/22/2021 | $1,800.00 | 50 | 07/22/2023 | $1,800.00 |
| 11 | 04/22/2020 | $1,800.00 | 31 | 12/22/2021 | $1,800.00 | 51 | 08/22/2023 | $1,800.00 |
| 12 | 05/22/2020 | $1,800.00 | 32 | 01/22/2022 | $1,800.00 | 52 | 09/22/2023 | $1,800.00 |
| 13 | 06/22/2020 | $1,800.00 | 33 | 02/22/2022 | $1,800.00 | 53 | 10/22/2023 | $1,800.00 |
| 14 | 07/22/2020 | $1,800.00 | 34 | 03/22/2022 | $1,800.00 | 54 | 11/22/2023 | $1,800.00 |
| 15 | 08/22/2020 | $1,800.00 | 35 | 04/22/2022 | $1,800.00 | 55 | 12/22/2023 | $1,800.00 |
| 16 | 09/22/2020 | $1,800.00 | 36 | 05/22/2022 | $1,800.00 | 56 | 01/22/2024 | $1,800.00 |
| 17 | 10/22/2020 | $1,800.00 | 37 | 06/22/2022 | $1,800.00 | 57 | 02/22/2024 | $1,800.00 |
| 18 | 11/22/2020 | $1,800.00 | 38 | 07/22/2022 | $1,800.00 | 58 | 03/22/2024 | $1,800.00 |
| 19 | 12/22/2020 | $1,800.00 | 39 | 08/22/2022 | $1,800.00 | 59 | 04/22/2024 | $1,800.00 |
| 20 | 01/22/2021 | $1,800.00 | 40 | 09/22/2022 | $1,800.00 | 60 | 05/22/2024 | $1,800.00 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE: **Phillip Joseph Crochet**                               CASE NO.
*Debtor*

**Elizabeth Lee Crochet**                                       CHAPTER   **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 30, 2019, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ C. Daniel Herrin**
C. Daniel Herrin
Bar ID:24065409
Herrin Law, PLLC
4925 Greenville Avenue
Suite 455
Dallas, TX 75206
(469) 607-8551

| | | |
|---|---|---|
| Ace Cash Express<br>1231 Greenway Drive<br>Suite 600<br>Irving, TX 75038 | Attorney General Child Support<br>Attn: Bankrupcy<br>PO Box 12017 Credit Group<br>Austin, Texas 78711-2017 | Capital One Bank (Usa), N.A. / Kohl's<br>xxxxxxxxxxxx5491<br>Attn: General Correspondence<br>P.O. Box 30285<br>Salt Lake City, UT 84130 |
| Aspire Servicing Center<br>xxxxxxxxxxxxx0002<br>F/K/A Isl<br>6775 Vista Drive<br>West Des Moines, IA 50266 | Capital Accounts<br>xxx3353<br>PO Box 140065<br>Nashville, TN 37214 | Choice Recovery<br>xxxx4434<br>1550 Old Henderson Road<br>Suite S-100<br>Columbus, OH 43220 |
| Aspire Servicing Center<br>xxxxxxxxxxxxx0001<br>F/K/A Isl<br>6775 Vista Drive<br>West Des Moines, IA 50266 | Capital One Bank (USA), N.A.<br>xxxxxxxx1075<br>Attn: General Correspondence<br>P.O. Box 30285<br>Salt Lake City, UT 84130 | Choice Recovery<br>xxxx1086<br>1550 Old Henderson Road<br>Suite S-100<br>Columbus, OH 43220 |
| AT&T Moblity II, LLC<br>One At&T Way<br>Room 3a104<br>Bedminster, NJ 07921 | Capital One Bank (USA), N.A.<br>xxxxxxxx1892<br>Attn: General Correspondence<br>P.O. Box 30285<br>Salt Lake City, UT 84130 | Choice Recovery<br>xxxx4432<br>1550 Old Henderson Road<br>Suite S-100<br>Columbus, OH 43220 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE: **Phillip Joseph Crochet**                      CASE NO.
*Debtor*

**Elizabeth Lee Crochet**                              CHAPTER   **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Choice Recovery
xxxx4433
1550 Old Henderson Road
Suite S-100
Columbus, OH 43220

Credit Control, LLC
PO Box 31179
Tampa, FL 33631

I C System Inc
xxxx0011
PO Box 64378
Saint Paul, MN 55164

Citibank, N.A.
xxxx-xxxx-xxxx-2614
701 East 60th Street North
Sioux Falls, SD 57117

Credit Control, LLC
5757 Phantom Drive, Ste 330
Hazelwood, MO 63042

Internal Revenue Service
Department Of The Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Citibank, N.A. | Best Buy
701 East 60th Street North
Sioux Falls, SD 57117

DSRM National Bank - Macy's
xxxxxxxxxxxx4503
PO Box 657
Kirkland, WA 98083

LVNV Funding Llc Its Successors and Assi
C/O Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

Comenity Bank | Kay Jewlery
xxxxxxxxxxxx0966
Attn: Bankruptcy Department
PO Box 183043
Columbus, OH 43218

Dunham Hallmark, PLLC
4180 Delaware Street, Suite 301
Beaumont, TX 77706

Midland Credit Management, Inc.
As Agent For Midland Funding, Llc
P.O. Box 2011
Warren, MI 48090

Comenity Bank | Overstock
xxxxxxxxxxxx6919
Attn: Bankruptcy Department
PO Box 183043
Columbus, OH 43218

First Bankcard
c/o First National Bank of Omaha
PO Box 2340
Omaha, NE 68103

Midwest Recovery Systems
xxxxxxxxxx7490
PO Box 899
Florissant, MO 63032

Comenity Bank | Ulta
Attn: Bankruptcy Department
PO Box 183043
Columbus, OH 43218

First Portfolio Ventures
3091 Governors Lake Drive, Ste. 500
Peachtree Corners, GA 30071

Mobiloil Federal Credit Union
xxxxxxxxxxxx1217
PO Box 12849
Beaumont, TX 77726

Comenity Bank | Victoria's Secret
xxxxxxxxxxxx7415
Attn: Bankruptcy Department
PO Box 182125
Columbus, OH 43218

FMS, Inc.
xxxxxxxx8393
PO Box 707600
Tulsa, OK 74170

Mobiloil Federal Credit Union
xxxxxx0115
PO Box 12849
Beaumont, TX 77726

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:  **Phillip Joseph Crochet**                                     CASE NO.
*Debtor*

**Elizabeth Lee Crochet**                                              CHAPTER    **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

---

Mobiloil Federal Credit Union
xxxxxx0113
PO Box 12849
Beaumont, TX 77726

North Texas Tollway Authority
xxxxx9752
5900 W. Plano Parkway
Plano, TX 75093

Synchrony Bank - Amazon
xxxxxxxxxxxx1302
PO Box 965015
Orlando, FL 32896


Mobiloil Federal Credit Union
xxxxxx0116
PO Box 12849
Beaumont, TX 77726

Nprto Texas, LLC
256 West Data Drive
Draper, UT 84020

Synchrony Bank - Care Credit
xxxxxxxxxxxx6609
Attn: Bankruptcy Dept
P.O. Box 965033
Orlando, FL 32896


Mobiloil Federal Credit Union
xxxxxx0200
PO Box 12849
Beaumont, TX 77726

Offerman & King, LLP
6420 Wellington Place
Beaumont, TX 77706

Synchrony Bank - Guitar Center
xxxxxxxxxxxx0822
Attn: Bankruptcy Dept
PO Box 965064
Orlando, FL 32896-5064


Monarch Recovery Management, Inc.
3260 Tillman Drive, Suite 75
Bensalem, PA 19020

Phillip Joseph Crochet
1650 John King Blvd., Apt# 407
Rockwall, TX 75032

Synchrony Bank - Jcpenney
Attn: Bankruptcy Dept
PO Box 965064
Orlando, FL 32896-5064


Neches Federal Credit Union
xxx2001
776 Magnolia Ave.
Port Neches, TX 77651

Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk, VA 23541

Synchrony Bank - Lowes
xxxxxxxx4654
PO Box 965005
Orlando, FL 32896


Neches Federal Credit Union
xxx2002
776 Magnolia Ave.
Port Neches, TX 77651

SFC-Central Bankruptcy
xx5465
DBA Continental Credit
P.O. Box 1893
Spartanburg, S.C. 29304-1893

Synchrony Bank - Rooms to Go
xxxxxxxx4666
PO Box 965030
Orlando, FL 32896


North Texas Tollway Authority
xxxxx0258
5900 W. Plano Parkway
Plano, TX 75093

Star Hubbard, LLC
1650 South John King Blvd.
Rockwall, TX 75032

Synchrony Bank - Walmart
xxxxxxxx1262
PO Box 965061
Orlando, FL 32896

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:   **Phillip Joseph Crochet**                                          CASE NO.
                            *Debtor*

         **Elizabeth Lee Crochet**                                           CHAPTER   **13**
                         *Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #3)

Toledo Finance
xxxxxxxx8309
112 Tenaha Street
Center, TX 75935


Webbank (Fingerhut)
xxxxxxxxxxxx7393
P.O. Box 1250
Saint Cloud, MN 56395